UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN CLIFFORD,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Case No. 17-cv-11864
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Jonathan Clifford, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. (R. 1). Clifford alleges that his constitutional rights were violated at Bellamy Creek when, among other issues, he was placed in segregation without a hearing. (R. 1, PID 3.)

A threshold question is whether venue is proper in this District. The proper venue in civil actions is the judicial district where (1) any defendant resides if all the defendants are residents of the State in which the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil case to any district where it could have been brought. 28 U.S.C. §§ 1404(a); 1406(a). Additionally, "a district court may transfer a case *sua sponte*." *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

The events giving rise to Plaintiff's claims occurred at the Bellamy Creek Correctional Facility in Ionia, Michigan. It appears that all of the individual defendants are employed at this facility. The City of Ionia is part of Ionia County, which lies within the geographical confines of the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1).

Even if venue was proper in this District (which does not appear to be the case), the Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the case should be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Bellamy Creek Correctional Facility in the Western District of Michigan. *See Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The defendants all work at this facility, and public officials sued in their official capacities "reside" in the judicial district where they maintain their official residence or perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). The witnesses and files necessary to prosecute these claims are presumably located in the Western District of Michigan, Clifford is still confined at Bellamy Creek, and the burden of transporting him to this judicial district would be significant. Thus, transfer of this action to the Western District of Michigan would be proper. *See Welch v. Kelly*, 882 F. Supp. 177, 180 (D.D.C. 1995).

For these reasons, the Court concludes that the Western District of Michigan is the proper venue and more convenient forum for this action. Accordingly,

IT IS ORDERED that the Clerk of the Court shall transfer this case to the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a). The Court has not

determined whether Plaintiff may proceed without prepayment of the fees and costs for this lawsuit.

SO ORDERED.

Dated: June 19, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2017.

s/Keisha Jackson
Case Manager